# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WENDY NELSON-BACA**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STATE OF OREGON, by and through the DEPARTMENT OF HUMAN SERVICES; CLYDE SAIKI, an individual; REBECCA DANIELS, an individual; BROCK WALLACE, an individual; and DON ERICKSON, an individual**,<br><br>　　　　Defendants. | Case No. 3:18-cv-300-YY<br><br>**ORDER** |

David L. Kramer, DAVID KRAMER P.C., 3265 Liberty Road South, Salem, Oregon 97302. Of Attorneys for Plaintiff.

Ellen F. Rosenblum, Attorney General; Mark Abrams, Assistant Attorney-in-Charge; and Jill Schneider, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, Oregon 97201. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation on April 21, 2021 (ECF 102). Judge You recommended that the Court grant Defendants' Motions to Dismiss Plaintiff's fourth and fifth claims (ECF 69 and ECF 74), grant Defendants' Motion for Summary Judgment against Plaintiff's third and seventh claims (ECF 76), and deny

PAGE 1 – ORDER

as moot Plaintiff's Motion to Strike (ECF 94). Plaintiff timely filed objections (ECF 109), to which Defendants responded (ECF 114). Judge You also issued a second Findings and Recommendation on May 27, 2017 (ECF 116), recommending that the Court deny Defendants' Motion for Leave to File a Jurisdictional Motion. No party objected.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judges' findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

### A. Defendants' Motion for Leave to File a Jurisdictional Motion

No Party having objected to Judge You's findings and recommendation that the Court deny Defendants' Motion for Leave to File a Jurisdictional Motion, the Court reviews for clear error. Defendants seeks leave to file a jurisdictional motion to dismiss based on Eleventh Amendment sovereign immunity grounds. Judge You concluded that Defendants have waived sovereign immunity by waiting to raise that defense until after extensive proceedings on the merits have occurred. Because no clear error is apparent, the Court ADOPTS Judge You's findings and recommendation (ECF 116) and DENIES Defendants Motion for Leave to File a Jurisdictional Motion (ECF 106).

### B. Defendants' Motions to and for Summary Judgment

Plaintiff, Wendy Nelson-Baca (Nelson-Baca), was employed by the Oregon Department of Human Services (DHS) for more than 31 years. At all relevant times, Clyde Saiki (Saiki) was Director of DHS, Rebecca Daniels (Daniels) was Director of Human Resources for DHS, Brock Wallace (Wallace) was a Human Resource Investigator for DHS, and Don Erickson (Erickson) was a manager for DHS. In December 2016, DHS placed Nelson-Baca on involuntary paid administrative leave, duty-stationed at home. DHS terminated Nelson-Baca's employment on July 2017.

In her Second Amended Complaint (ECF 73), Nelson asserts the following claims: (1) under 42 U.S.C. § 1983, violation of free speech, against Defendant Daniels; (2) under 42 U.S.C. § 1983, violation of free speech, against Defendants Saiki, Daniels, and Wallace; (3) under 42 U.S.C. § 1983, due process violation, against Defendants Saiki, Daniels, and Wallace; (4) under 42 U.S.C. § 1983, Fourth Amendment violation (unlawful seizure), against Defendants Saiki and Daniels; (5) under Oregon state law, false imprisonment, against

Defendant DHS; (6) under state law, negligent investigation, against Defendant State of Oregon; (7) under Oregon state law, intentional infliction of emotional distress, against Defendant State of Oregon; (8) under Oregon state law, whistleblowing retaliation against public employee in violation of ORS 659A.203, against Defendant State of Oregon; and (9) under Oregon state law, whistleblowing retaliation in violation of ORS 659A.199, against Defendant State of Oregon.

Defendants' motions to dismiss and for summary judgment concern only Plaintiff's third, fourth, fifth, and seventh claims. Plaintiff does not object to Judge You's conclusion that that the Oregon Employment Review Board (ERB) has exclusive jurisdiction over challenges to the technical sufficiency and accuracy of employment classifications, which is the ultimate premise of Judge You's recommendation on Defendants' motion for summary judgment. Indeed, Plaintiff agrees with Judge You's conclusion that the ERB has the authority "to make state employee classification determinations" and the authority to "review any personnel action" and to "set aside such action" upon appropriate findings. The Court reviews these conclusions for clear error and finds none. Accordingly, the Court ADOPTS Judge You's findings and recommendation that the ERB has exclusive jurisdiction over challenges to the correctness of employment classification or other personnel action.

Plaintiff, however, objects to Judge You's recommendation to dismiss Plaintiff's fourth claim, alleging a violation of the Fourth Amendment. Plaintiff argues that her Fourth Amendment claim is not affected by the holding in *Aguilera v. Baca*, 510 F.3d 1161, 1168 n.3 (9th Cir. 2007), because that case is factually distinguishable by the duration of the alleged seizure and false imprisonment. Plaintiff also argues that although Judge You's conclusion that the ERB has exclusive jurisdiction to decide employment classification disputes is correct, that conclusion should not be applied here because there are disputed issues of fact that preclude

summary judgment. Plaintiff argues that a key disputed fact is whether Plaintiff's employment classification was ever actually changed from "management" to "executive." Finally, Plaintiff objects to Judge You's conclusion that Plaintiff cannot show by estoppel her claim of a procedural due process violation.

Defendants respond to these objections, arguing that Plaintiff's attempt to distinguish the facts in *Aguilera* is irrelevant to the legal proposition for which it, and many other cases, stand. Defendants also argue that Judge You's conclusion that the ERB has exclusive jurisdiction was correct, and that Plaintiff did not provide any persuasive legal argument to the contrary. Finally, Defendants argue that Plaintiff may not establish a constitutional procedural due process right by estoppel.

Plaintiff argues that Judge You's finding and recommendation has improperly put an issue of fact within the ERB's exclusive jurisdiction and that such an issue must be decided by the courts. Plaintiff's argument is that there are certain documents and procedures necessary to show an actual job reclassification and that these documents are not in evidence, nor is there evidence that the required procedures were followed. This argument, however, depends on statutes and procedures governing the classification of public employees in Oregon. Plaintiff spells this out in her motion to strike, where she argues against the relevance of Defendants evidence, stating

> The relevant issue is whether OHS *lawfully* put Plaintiff into the Executive Service. . . . The direct evidence of the act of reclassification should include evidence of the following: (a) that the agency director or his designee decided that reclassification

> was appropriate, typically evidenced by a written "classification review;" (b) that the agency submitted the review to DAS' classification and compensation unit for review and approval; (c) that DAS, which is statutorily obligated to approve or disapprove a reclassification, determined the request for reclassification met statutory criteria; and, (d) that DAS approved the request and communicated its approval to the agency with a memorandum, an email, or even a telephone call. ORS 240.205(1)-(4).

ECF 94 at 9 (emphasis added). As Plaintiff highlights, the factual issue is actually whether she was "lawfully" reclassified.

Plaintiff's argument that a letter recognizing a reclassification does not establish that she was lawfully reclassified is the type of mixed question of fact and law that the Oregon Supreme Court found could not be cast as an element of a claim being heard in court to evade the ERB's jurisdiction. In *Ahern v. Oregon Public Employees Union*, the Oregon Supreme Court explained the ERB has exclusive jurisdiction, under the Public Employees Collective Bargaining Act (PECBA), to determine whether an unfair labor practice has been committed, even when an unfair labor practice is alleged as an element of a tort claim that would otherwise be properly brought in a court. 329 Or. 428, 431, 434-35 (1999). A decision on the factual issue required a decision on the legal issue, *i.e.*, whether the alleged action was an unfair labor practice. Here, Plaintiff asks the Court to answer whether the documents provided by Defendants legally establish that she was reclassified with reference to state statutes governing the process of reclassification. This determination of the technical sufficiency of a reclassification is the type of question that Plaintiff acknowledges is within the ERB's exclusive jurisdiction.

This distinction is further highlighted in *Black v. Coos County*, in which the Oregon Court of Appeals held that courts *could* resolve tort claims that were not contingent on resolution of whether a plaintiff had been properly classified, a decision that remained within ERB's exclusive jurisdiction. 288 Or. App. 25, 35 (2017) In *Black*,

> plaintiffs' claims did not contest the correction of their long-mistaken classification within PERS as "police and fire" employees. Plaintiffs did not sue PERS, nor sue to be restored to the "police and fire" classification. Rather, they sought damages resulting from their reliance on the allegedly negligent misrepresentation; and, in their unjust enrichment claim, they sought allegedly unrealized refunds of past "police and fire unit" contributions. Plaintiffs did not seek employment benefits promised by PERS or by the county. They sought damages based on common-law claims.

*Id.* at 33-34. Here, Plaintiff asks the Court to make findings about whether certain documentation, contained in certain systems, is legally sufficient to show that a formal reclassification occurred under Oregon law applicable to public employees. This question falls into the *Ahern* analysis, rather than the *Black* analysis.

## CONCLUSION

The Court ADOPTS Judge You's findings and recommendation dated April 21, 2021 (ECF 102) and DISMISSES Plaintiff's fourth and fifth claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF 69 and ECF 74) and GRANTS summary judgment against Plaintiff's third and seventh claims (ECF 76). The Court also DENIES AS MOOT Plaintiff's motion to strike (ECF 94). In addition, the Court further ADOPTS Judge You's findings and recommendation dated May 27, 2021 (ECF 116) and DENIES Defendants' Motion for Leave to File a Jurisdictional Motion (ECF 106).

**IT IS SO ORDERED**.

DATED this 1st day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge